# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

LISA MCCALL,

        **Plaintiff,**

    vs.

**WEBBANK; and EXPERIAN
INFORMATION SOLUTIONS, INC.,**

        **Defendants.**

Case No.:  2:25-cv-254-KD-MU

## WEBBANK'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

WebBank, by and through its attorneys, answers Plaintiff Lisa McCall's Complaint as follows:

Except as expressly admitted or qualified hereafter, WebBank denies each and every allegation of the Complaint.

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants

1

willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

**ANSWER**: WebBank admits only that Plaintiff purports to allege a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. WebBank denies it violated the FCRA. To the extent that the allegations in paragraph 1 concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. WebBank denies any remaining allegations

## II. PARTIES

2.      At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

**ANSWER**: The allegations in paragraph 2 assert legal conclusions to which no response is necessary. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

3.      Defendant, WebBank ("WebBank") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Alabama.

2

**ANSWER**: The allegations in paragraph 3 assert legal conclusions to which no response is necessary. To the extent a response is required, WebBank denies the allegations in paragraph 3.

4.     At all times pertinent hereto, Defendant WebBank is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 et seq.

**ANSWER**: The allegations in paragraph 4 assert legal conclusions to which no response is necessary. To the extent a response is required, WebBank denies the allegations in paragraph 4.

5.     Defendant Experian Information Solutions, Inc. ("Experian") is a corporation existing under the laws of Alabama and at all times relevant hereto was regularly doing business in the State of Alabama.

**ANSWER**:  Because the allegations in paragraph 5 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

6.     Experian regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

3

**ANSWER**: Because the allegations in paragraph 6 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

7. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

**ANSWER**: Because the allegations in paragraph 7 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

8. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

**ANSWER**: Because the allegations in paragraph 8 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

**ANSWER**: The allegations in paragraph 9 assert a legal conclusion to which no response is necessary. To the extent a response is required, WebBank lacks

4

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

10.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**ANSWER**: The allegations in paragraph 10 assert a legal conclusion to which no response is necessary. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

11.    Personal jurisdiction exists over Defendants as Plaintiff resides in Alabama, Defendants have the necessary minimum contacts with the state of Alabama, and this suit arises out of specific conduct with Plaintiff in Alabama.

**ANSWER**: The allegations in paragraph 11 assert a legal conclusion to which no response is necessary. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## IV. FACTUAL ALLEGATIONS

12.    Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants WebBank and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

**ANSWER**:  WebBank denies the allegations in paragraph 12 to the extent they concern WebBank. To the extent the allegations in paragraph 12 concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

13.    Experian is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §168la(f).

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14.    The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15.    Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §168le(b).

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16.    After reviewing Plaintiff's consumer credit reports Plaintiff discovered a WebBank account FETTIFHT/WEB (the "Account") being reported in error.

6

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. The one debt of the Account is being reported twice.

**ANSWER**: WebBank denies the allegations in paragraph 17 to the extent they concern WebBank. As to the remaining allegations concerning other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. WebBank assigned the Account to LVNV Funding.

**ANSWER**: WebBank denies the allegations in paragraph 18.

19. Once assigned the Account, LVNV Funding began reporting the Account on Plaintiffs consumer reports.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. LVNV Funding reports the Account with a balance past due on Plaintiff's Experian report.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. Because WebBank and LVNV Funding both report the Account with a balance past due on Plaintiff's consumer reports, Plaintiff's outstanding debt and number of adverse and delinquent accounts is overstated.

7

**ANSWER**:  WebBank denies the allegations in paragraph 21 to the extent they concern WebBank. As to the remaining allegations concerning other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22.    The Account is reported with a different balance, different account number and different open date by WebBank and LVNV Funding.

**ANSWER**:  WebBank denies the allegations in paragraph 22 to the extent they concern WebBank. As to the remaining allegations, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.    The inaccurate Account has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

**ANSWER**:  WebBank denies the allegations in paragraph 23 to the extent they concern WebBank. As to the remaining allegations concerning other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24.    The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

8

**ANSWER**:  WebBank denies the allegations in paragraph 24 to the extent they concern WebBank. As to the remaining allegations concerning other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

**PLAINTIFF'S WRITTEN DISPUTE**

25.    On or about April 14, 2025, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26.    Despite the clarity and detail provided in the Experian Dispute the Account continued to appear twice on Plaintiff's Experian consumer report with a balance past due.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27.    Upon information and belief, Experian forwarded Plaintiff's Experian Dispute to Defendant WebBank.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

9

28.    Upon information and belief, WebBank received notification of Plaintiff's Experian Dispute from Experian.

**ANSWER**: WebBank admits only that they received an Automated Consumer Dispute Verification ("ACDV") from and provided a timely response to Experian in March and June of 2024. WebBank denies any remaining allegations in paragraph 28.

29.    WebBank did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the WebBank Account.

**ANSWER**:  WebBank denies the allegations in paragraph 29.

30.    Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31.    Upon information and belief, WebBank failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer report.

**ANSWER**:  WebBank denies the allegations in paragraph 31.

10

32.    Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Experian Dispute.

**ANSWER**:  WebBank denies the allegations in paragraph 32 to the extent they concern WebBank. To the extent the allegations in paragraph 32 concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

33.    At no point after receiving the Experian Dispute did WebBank and/or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiffs Experian Dispute.

**ANSWER**:  WebBank denies the allegations in paragraph 33 to the extent they concern WebBank. To the extent the allegations in paragraph 33 concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

34.    Experian relied on their own judgment and the information provided to them by WebBank rather than grant credence to the information provided by Plaintiff.

**ANSWER**:  WebBank denies the allegations in paragraph 34 to the extent they concern WebBank. To the extent the allegations in paragraph 34 concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

11

35.    Experian published the false information regarding the Account to third parties.

**ANSWER**:  WebBank denies the allegations in paragraph 35 to the extent they concern WebBank. To the extent the allegations in paragraph 35 concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

36.    The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

**ANSWER**:  WebBank denies the allegations in paragraph 36 to the extent they concern WebBank. To the extent the allegations in paragraph 36 concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

37.    Plaintiff has lost time working to resolve the adverse information associated with the Accounts to prevent harm.

**ANSWER**:  WebBank denies the allegations in paragraph 37 to the extent they concern WebBank. To the extent the allegations in paragraph 37 concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## COUNT I – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

38.    Plaintiff re-alleges and reaffirms the above paragraphs 1-37 as though fully set forth herein.

**ANSWER**:    WebBank incorporates by reference its responses to the foregoing paragraphs of the Complaint. WebBank denies the remaining allegations in paragraph 38.

39.    After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40.    Defendants Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.

41.    As a result of this conduct, action and inaction of Defendant Experian Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss,

damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

42. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them

43. In the alternative, Defendants Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §16810.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §168ln and/or §16810.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

**COUNT II – EXPERIAN**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

14

45.     Plaintiff re-alleges and reaffirms the above paragraphs 1-37 as though fully set forth herein.

**ANSWER**:    WebBank incorporates by reference its responses to the foregoing paragraphs of the Complaint. WebBank denies the remaining allegations in paragraph 45.

46.     After receiving the Dispute, Experian failed to correct the false information regarding the Account-reporting on Plaintiffs Experian consumer report.

**ANSWER**:  WebBank denies the allegations in paragraph 46 to the extent they concern WebBank. To the extent the allegations in paragraph 46 concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

47.     Defendants Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48.     As a result of this conduct, action and inaction of Defendant Experian Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss,

15

damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

49. Defendants Experian's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §168ln.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them

50. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §16810.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies them.

51. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §16810.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

**COUNT III – WEBBANK**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681s-2(b)**

52.   Plaintiff re-alleges and reaffirms the above paragraphs 1-37 as though fully set forth herein.

**ANSWER**:   WebBank incorporates by reference its responses to the foregoing paragraphs of the Complaint. WebBank denies the remaining allegations in paragraph 52.

53.   After receiving the Disputes, WebBank failed to correct the false information regarding the WebBank Account reporting on Plaintiffs consumer reports.

**ANSWER**:  WebBank denies the allegations in paragraph 53.

54.   Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiffs disputes of Defendant WebBank' s representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant WebBank's representations to consumer credit reporting agencies, among other unlawful conduct.

**ANSWER**:  WebBank denies the allegations in paragraph 54.

55.   As a result of this conduct, action, and inaction of Defendant WebBank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with

Plaintiffs normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

**ANSWER**: WebBank denies the allegations in paragraph 55.

56. Defendant WebBank's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

**ANSWER**: WebBank denies the allegations in paragraph 56.

57. In the alternative, Defendant WebBank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §16810.

**ANSWER**: WebBank denies the allegations in paragraph 57.

58. Plaintiff is entitled to recover costs and attorneys' fees from Defendant WebBank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §16810.

**ANSWER**: WebBank denies the allegations in paragraph 58.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C.

18

§ 1681n(a)(l)(A), of not less than $100 and not more than $1,000 per violation;

C.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**ANSWER**: WebBank denies the allegations in the Prayer for Relief section of the Complaint including each of its subparts A through E. WebBank further denies that Plaintiff is entitled to any judgment, damages, relief and/or award sought under Prayer for Relief section of the Complaint, including each of its subparts A and through E.

## AFFIRMATIVE DEFENSES

1.  Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2.  Plaintiff failed to mitigate their damages, if any.

3.  Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which WebBank has no control.

4.      WebBank acted at all times in compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and it is entitled to each and every defense stated in the Act and any and all limitations of liability.

5.      WebBank acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

6.      The alleged actions of WebBank were not the proximate cause of any injury or loss allegedly suffered by Plaintiff.

7.      Plaintiff is estopped from recovering from WebBank.

8.      WebBank pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

9.      WebBank reserves its right to compel arbitration per the cardmember agreement with Plaintiff.

10.     WebBank reserves the right to supplement its affirmative defenses as it continues with its factual investigation of Plaintiff's claims.

**WHEREFORE**, WebBank respectfully requests that this Court:

a.      Dismiss all of Plaintiff's claims against WebBank on the merits and with prejudice;

b.      Award WebBank all costs, disbursements, and reasonable attorneys' fees allowed by law; and

c.      Grant WebBank any other relief that the Court deems just and equitable.

Respectfully submitted,

By: *s/ Cortlin L. Bond*
    Tiffany J. deGruy
    Cortlin L. Bond
    Bradley Arant Boult Cummings LLP
    One Federal Place
    1819 Fifth Avenue North
    Birmingham, AL 35203-2104
    Telephone: (205) 521-8000
    Facsimile: (205) 521-8800
    tdegruy@bradley.com
    cbond@bradley.com

*Attorneys for Defendant WebBank*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve the foregoing to the following counsel of record:

Patricia S. Lockhart
5723 Annandale Lane
Irondale, AL 35210
Telephone: (256) 276-2527
patricia@wattsherring.com
*Attorney for Plaintiff*

*/s/ Cortlin L. Bond*
Cortlin L. Bond

21